IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | 1:15-cr-4-AT-GGB |
| LINDA WORTH, | |
| Defendant. | |

## ORDER, REPORT AND RECOMMENDATION

Per the District Judge's order, this case is before the Court for consideration of Defendant Linda Worth's argument that the conspiracy charge against her should be dismissed as it is barred by Wharton's Rule. (Doc. 28). The Defendant raised this argument for the first time in objecting to my previous report and recommendation, (Doc. 20). (Doc. 23). The government argues that the argument is, therefore, untimely. (Doc. 24).

Worth's new issue is a direct, albeit non-jurisdictional, challenge to her indictment. I therefore find it appropriate to consider the argument, particularly because it was raised before trial. See United States v. Pacchioli, 718 F.3d 1294, 1308 (11th Cir.), cert. denied, 134 S.Ct. 804 (2013) (concerning a challenge for multiplicity, which is also a non-jurisdictional challenge to an indictment, treating the time of trial as the deadline to raise the issue). However, upon consideration, I

reject Worth's argument, and **RECOMMEND** that her request to dismiss Count One of the indictment, (Doc. 23 at 2-4), be **DENIED**.

## I.     Facts and argument

A grand jury indicted Worth in a three count indictment. (Doc. 1). The indictment charged Worth with conspiracy to violate 18 U.S.C. § 201(c)(1)(B), in violation of 18 U.S.C. § 371 ("Count One"); receipt of a gratuity by a public official, in violation of 18 U.S.C. § 201(c)(1)(B) ("Count Two"); and conflict of interest by a government employee, in violation of 18 U.S.C. §§ 208(a) and 216(a)(2) ("Count Three"). (Id.).

Count One charged that Worth conspired "with R.V. and with other persons known and unknown to the Grand Jury." (Doc. 1 at 1). Specifically, it alleged that Worth, a public official with the Department of Veterans Affairs, knowingly agreed to accept monetary payments from R.V. because of her performance of an official act—promoting a particular medical product. (Id.). It further alleged that Worth deposited eight $500 checks from R.V. between February 2009 and January 2010, agreeing to receive monthly checks starting in July 2009. (Id. at 4-5). Count Two charged Worth with accepting the January 2010 $500 payment. (Id. at 6).

In objecting to my previous report and recommendation in this case, Worth raised, for the first time, an argument that Count One was charged in violation of Wharton's Rule. (Doc. 23 at 2). She argued that, because the substantive offense of receiving a gratuity could not be accomplished without entering into a conspiracy, the conspiracy could not be charged as a separate offense. (Id. at 2-3). She therefore requested that Count One be dismissed. (Id. at 4).

On the merits of the argument, the government argues that Circuit case law forecloses Worth's argument. (Doc. 24 at 2). It argues that, because Worth's crime involved public corruption, which affects more than only the people involved in the criminal act, Wharton's Rule does not apply. (Id. at 2-3).

Worth replies that Wharton's Rule applies and the case law cited by the government was distinguishable. (Doc. 25 at 2-3). Specifically, she argues that because her offense involved fewer people and less money than the cases cited by the government, Wharton's Rule applies here where it did not in the other cases. (Id. at 3-4).

## II. Discussion

Wharton's Rule constitutes an exception to the general principle that a conspiracy and its underlying substantive offense are discrete crimes. Iannelli v.

United States, 420 U.S. 770, 771, 95 S.Ct. 1284, 1287, 43 L.Ed.2d 616 (1975). Under the rule, where the commission of a crime logically requires multiple participants, the substantive offense merges with any conspiracy charge that involves only those people necessary to commit the crime. See Curtis v. United States, 546 F.2d 1188, 1190 (5th Cir. 1977). Wharton's Rule "does not rest on principles of double jeopardy," but rather is a "judicial presumption, to be applied in the absence of legislative intent to the contrary." Iannelli, 420 U.S. at 782, 95 S.Ct. at 1292.

The "classic Wharton's Rule offenses" are adultery, incest, bigamy, and dueling, all of which are crimes where the completed substantive offense cannot occur without agreement. Iannelli, 420 U.S. at 782, 95 S.Ct. at 1292. The argument that Worth's conspiracy and § 201(c)(1)(B) charges could merge under the basic formulation of Wharton's Rule makes intuitive sense. The receipt of an illegal gratuity necessarily involves a knowing payor. The indictment here, while it references "other persons," contains no allegations that suggest that anyone but Worth and the payor, "R.V.," were involved in the conspiracy. (See Doc. 1 at 1). However, as Wharton's Rule is a judicial presumption, it is only as broad as subsequent courts have interpreted it to be.

4

There is no binding precedent specifically deciding whether § 201 offenses are subject to Wharton's Rule.[1]  In 1989, the Eleventh Circuit acknowledged the possibility of Wharton's Rule applying to a similar substantive offense—bribery under 18 U.S.C. § 1954.  United States v. Fernandez, 892 F.2d 976, 988 n.15 (11th Cir. 1989).  However, more recently and more definitively, the Circuit has held that Wharton's Rule did not apply to bribery offenses, specifically under 18 U.S.C. § 666.  United States v. McNair, 605 F.3d 1152, 1216 (11th Cir. 2010).

The Supreme Court in Iannelli noted that Wharton's Rule traditionally applies where the "immediate consequences of the crime rest on the parties themselves rather than on society at large."  Id. at 782-83, 95 S.Ct. at 1292.  In McNair, the Circuit relied on that rationale to hold that § 666 offenses were not affected by Wharton's Rule.  605 F.3d at 1216.  Because the purpose of § 666 was to "protect

---

[1] The government points to United States v. Evans, 344 F.3d 1131, 1133 n.2 (11th Cir. 2003), as an example of the Eleventh Circuit holding that Wharton's Rule does not apply to § 201 offenses.  In Evans, the Court, in a footnote, summarily rejected an argument that a conspiracy count whose objects "included bribery and gratuity" was subject to Wharton's Rule.  However, the Court gave no indication of why it rejected the argument, and the implication of its phrasing was that the conspiracy extended beyond the bribery and gratuity allegations.  Accordingly, I do not treat Evans as binding precedent on the issue of whether § 201 offenses are categorically outside the scope of Wharton's Rule.

5

the integrity of federal funds," the crime had broad societal consequence, and therefore Wharton's Rule did not apply. Id.

Prosecution of bribery of public officials under § 201 serves a similar purpose to prosecution of bribery under § 666. See Cont'l Mgmt., Inc. v. United States, 527 F.2d 613, 617 (Ct. Cl. 1975) (concerning an earlier version of § 201, identifying the purpose as "the protection of the public from the corruption of public servants and the evil consequences of that corruption"). I see no meaningful distinction in this context between §§ 201 and 666. Worth correctly points out that the conspiracy in McNair involved more than just two people. (See Doc. 25 at 3). In a vacuum, that could make her case more apt than McNair for Wharton's Rule to apply. See Curtis, 546 F.2d at 1190. However, the reason that the McNair Court declined to apply Wharton's Rule had nothing to do with the number of people involved in the conspiracy, and the fact that this case involved only two people does nothing to undermine McNair's reasoning.

Worth also argues that McNair is inapplicable because her offense involved only a $500 check,[2] whereas the crime in McNair was more significant. (See Doc.

---

[2] The indictment alleges that eight such checks were deposited in furtherance of the conspiracy. (Doc. 1 at 4-5).

6

25 at 3-4). This argument similarly misses the mark. Even accepting Worth's insinuation that her alleged offense was less harmful to society because it involved a comparatively lesser amount of money, Iannelli and McNair discussed the general nature of the offense—not the severity of a particular defendant's conduct. See Iannelli, 420 U.S. at 782, 95 S.Ct. at 1292; McNair, 605 F.3d at 1216; see also United States v. Helmich, 704 F.2d 547, 550 (11th Cir. 1983) (expressing doubt that Wharton's Rule "could apply to a crime of such public importance as espionage"). Therefore, I find no reason why a § 201 offense does not fall under the holding of McNair and conclude that Wharton's Rule does not bar Worth's prosecution for both the substantive and conspiracy counts in the indictment.

Because Wharton's Rule is "an aid to the determination of legislative intent," which "must defer to a discernible legislative judgment," it is possible that Wharton's Rule could apply here—despite the McNair holding—if there were clear legislative intent for the substantive and conspiracy counts to merge. See Iannelli, 420 U.S. at 786, 95 S.Ct. at 1294. Worth does not point to any evidence of such an intent, and none is apparent. If anything, the fact that § 201(c)(1) contains separate provisions for giving and receiving a gratuity—like § 666 but unlike § 1954—

suggests a legislative intent that the specific substantive offense targets a separate harm from the broader agreement.  See 18 U.S.C. § 201(c)(1)(A) and (B).

In light of the above, I conclude that Wharton's Rule does not merge the substantive and conspiracy counts charged in Worth's indictment.  Even if Wharton's Rule did apply, it is not clear that dismissal of a count of the indictment would be the proper remedy.  Worth points to Iannelli's statement that "[t]he classic formulation of Wharton's Rule requires that the conspiracy indictment be dismissed before trial." 420 U.S. at 774, 95 S.Ct. at 1288; (Doc. 25 at 3).  In doing so, she ignores the rest of the paragraph, which went on to describe how some courts had concluded that Wharton's Rule's purpose can effectively be met by instructing the jury that a conviction on the substantive offense precluded a conspiracy conviction. See Iannelli, 420 U.S. at 775, 95 S.Ct. at 1289.  The Iannelli Court never reached a holding on the proper remedy, because it found that Wharton's Rule did not prohibit the separate convictions and sentences.  For the same reason, I will not decide what the proper remedy would be.

## III. Conclusion

In light of the above, I find that Wharton's Rule does not bar separate prosecutions for receipt of a gratuity and conspiracy to receive a gratuity.

8

Therefore, I **RECOMMEND** that Worth's argument that Count One be dismissed under Wharton's Rule, found in Doc. 23, be **DENIED**.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial. It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.

IT IS SO ORDERED AND RECOMMENDED this 24th day of August, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)