IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : CRIMINAL ACTION NO. |
| v. | : 1:15-cr-0004-AT |
| LINDA WORTH, | : |
| Defendant. | : |

# **ORDER**

Magistrate Judge Gerrilyn Brill has issued two related Reports and Recommendations ("R&R") that are currently before the Court. [Docs. 20, 29.] The first R&R [Doc. 20] recommends the denial of Defendant Linda Worth's Motion to Dismiss Indictment [Doc. 13] and Motion to Suppress Evidence [Doc. 14]. The subsequent R&R [Doc. 29] was issued after the Court referred this matter back to the Magistrate Judge for consideration of Defendant's new argument that the conspiracy charge in Count One should be dismissed as barred pursuant to Wharton's Rule. After a thoughtful review of Defendant's Wharton's Rule argument, the Magistrate Judge recommended the denial of Defendant's argument that Count One be dismissed under Wharton's Rule. [Doc. 29.]

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-

objected portion on a "clearly erroneous" standard.  The Defendant filed specific objections to the Magistrate Judge's Reports and Recommendations that related to the original grounds of her various motions. [Docs. 23, 31.]  The Government filed a response to Defendant's objections to the Magistrate Judge's first R&R [Doc. 24] and Defendant thereafter filed a reply [Doc. 25].  Accordingly, the Court has reviewed the motions and record in this case on a de novo basis.

The Court begins by noting that Defendant's arguments are persuasively argued and presented. That said, the Court concludes that the Magistrate Judge's analysis and recommendations are legally correct.  First, the Court agrees with the Magistrate Judge's analysis that Count One, at least as viewed through the lens of pretrial proceedings, is not barred by Wharton's Rule.  While Defendant's Wharton's Rule argument makes logical sense, the erosion of the rule in modern conspiracy jurisprudence is apparent.  Still, the Court is prepared to consider anew whether Count One must be deemed merged into other counts after hearing all the evidence, prior to instructing the jury at the conclusion of the trial.

The Court also agrees with the Magistrate Judge's legal analysis and recommendations regarding the pending motions to suppress evidence and dismiss the indictment.  The Court notes that a significant kernel of Defendant's arguments relate to factual issues on the merits that the jury or Court at trial may resolve in either party's favor.  For instance, the Court can easily perceive how a jury, under the facts in this case, might conclude that the Defendant's receipt of a

2

$500 consulting fee within the statute of limitations was not part of a common long term scheme to obtain gratuities[1]  -- or in other words, that there was no such "gratuity scheme" -- and even that the Government's prosecution here is overreaching.[2]  Similarly, while it is possible the Government may have presented an inflated case scenario to the grand jury, the misconduct allegations made by the Defendant here do not smack of or suggest actual prosecutorial misconduct.  Instead, as the Government has properly stated in its brief, Defendant's concern regarding the Government's presentation of misleading evidence to the grand jury "boils down to a challenge to the reliability or competence of the evidence presented to the grand jury," and such an evidentiary challenge cannot serve as a basis for dismissal of a facially valid indictment.  *Bank of Nava Scotia v. United States*, 487 US 250, 261 (1988).  Finally, in this same vein, as Magistrate Judge Brill points out in her R&R, Defendant's argument for dismissal of Count Three rests on her contention that she is not guilty, not that the Count omits any essential elements of the offense.

---

[1] Similarly, the Court itself may find the evidence introduced at trial wholly insufficient to support the Government's "continuing" offense theory which is the linchpin of its statute of limitations position.  Once the evidence is presented, this case may look closer to *United States v. Grimm*, 738 F.3d 498 (2d Cir. 2013) and *United States v. Doherty*, 867 F.2d 47 (1st Cir. 1989) than to *United States v. Bustamante*, 45 F.3d 933 (5th Cir. 1995). At this juncture, though, the Court agrees with Magistrate Judge Brill that *Bustamante* appears far closer to the posture of the instant case and therefore more persuasive.

[2]  Of course, the jury might reach the opposite conclusion, determining that the payment was part and parcel of an ongoing payment or private incentive scheme.

In sum, the Court **ADOPTS** the Magistrate Judge's two Reports and Recommendations [Docs. 20, 29] as legally correct, **OVERRULES** the Defendant's objections, and **DENIES** the Defendant's Motion to Dismiss Indictment [Doc. 13] and Motion to Suppress Evidence [Doc. 14], though it recognizes that critical elements of these motions will raise their head anew during the course of trial. The trial in this action is hereby set to begin on Monday, November 16, 2015, at 9:30 AM in Courtroom 2308. The pretrial conference will be held on Tuesday, November 10, 2015, at 3:45 PM in Courtroom 2308.  By 5:00 PM on Thursday, October 29, 2015, the parties are to file the following: motions in limine and proposed voir dire questions. By 5:00 PM on Thursday, October 29, 2015, the Government must file a brief summary of the indictment that the parties can rely on for voir dire. By 5:00 PM on Thursday, November 5, 2015, the parties are to file any objections to those items listed above.

Excludable time is allowed through November 16, 2015, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

It is so **ORDERED** this 13th day of October, 2015.

_____
Amy Totenberg
United States District Judge